IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DONNA HOPKINS,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>REMOVED FROM HABERSHAM COUNTY SUPERIOR COURT CIVIL ACTION FILE NO. 18CV0123 |

### NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, GAINESVILLE DIVISION

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant PHH Mortgage Corporation ("PHH"), without waiving its affirmative defenses, hereby submits this Notice of Removal, showing the following:

### I. Background

1. On March 7, 2018, Plaintiff Donna Hopkins ("Plaintiff"), filed a Petition For Temporary Restraining Order, Injunctive Relief, and Complaint for Damages (the "Complaint") and thereby initiated a civil action against the above-

captioned defendant in the Superior Court of Habersham County (the "<u>Superior Court</u>'), as Civil Action No. 18CV0123 (the "<u>Superior Court Action</u>").

2.   Plaintiff filed a Motion for Temporary Restraining Order and Interlocutory Injunction on March 7, 2018, and a Temporary Restraining Order and Notice of Hearing on Plaintiff's Petition For Interlocutory Injunction was entered in the Superior Court Action on March 16, 2018.

3.   As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders in the Superior Court Action are attached to this Notice of Removal as <u>Exhibit 1</u>.

4.   PHH was served with summons and the Complaint on March 8, 2018.

**II. This Notice of Removal is Timely Filed in the Proper Venue**

5.   The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because PHH filed this notice of removal within 30 days of receipt of the Complaint.

6.   The United States District Court for the Northern District of Georgia, Gainesville Division, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 90(a)(1) because it is the district court that embraces the place where the original action was filed and is pending.

## III. This Court Has Federal Question Jurisdiction

7. This case is removable under 28 U.S.C. § 1331, which provides that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint asserts claims for violation of 12 U.S.C. §2605(e) and 12 U.S.C. §2605(f), subsections of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. §1024.35 and 12 C.F.R. §1024.41, subsections of Regulation X, issued by the Bureau of Consumer Financial Protection ("CFPB") to implement RESPA. Federal question jurisdiction therefore exists and this case is removable from the State Court to this Court on that basis. *See Fabre v. Bank of Am. Bank, NA*, 523 F. App'x 661, 664 (11th Cir. 2013)(federal question jurisdiction established for removal where Complaint raises federal law claims such as claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), et seq.); *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir.1998) ("[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute.").

8. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367(a).

### IV. This Court Has Diversity Jurisdiction

9. This case is also removable under 28 U.S.C. § 1332, which provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States; ...". 28 U.S.C. § 1332(a)(1).

10. The loan at issue in the Superior Court Action was made to Alex K. Hopkins and Plaintiff in the original principal amount of $165,000.00, and secured by the real property known commonly as 2899 Riverbend Road, Demorest, Habersham County, Georgia 30563 (the "Property") through the security deed given to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for American Equity Mortgage, Inc., ("American Equity") dated February 28, 2013, recorded on March 6, 2013 in Deed Book 1019, Page 275, Habersham County, Georgia Records (the "Security Deed"), corrected by that certain Corrective Security Deed recorded in Deed Book 1072, Page 652, Habersham County, Georgia Records (the "Corrective Security Deed"). True and correct

copies of the Security Deed and Corrective Security Deed, with personal identifying information redacted, are attached hereto as <u>Exhibit 2</u> and <u>Exhibit 3</u>, respectively.

11.   As the current amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied. *See Roper v. Saxon Mortg. Servs.*, 2009 WL 1259193, 2009 U.S. Dist. LEXIS 37794 (N.D. Ga. May 5, 2009) (the original loan amount in a wrongful foreclosure/injunctive relief against foreclosure case shall constitute the amount in controversy). Information obtained from the Habersham County Board of Tax Assessors shows that the value of the Property is $126,550.00 (the "<u>Assessor's Information</u>").[1]  A true and correct copy of the Assessor's Information is attached hereto as <u>Exhibit 4</u>.

12.   There is complete diversity between Plaintiff and all defendants.

13.   Plaintiff is a citizen of Florida.

14.   PHH is a corporation incorporated in New Jersey with its principal place of business at I Mortgage Way, mail stop LIC, Mount Laurel, New Jersey 08054-4606. For purposes of 18 U.S.C. § 1332, a corporation is deemed to be a

---

[1] https://qpublic.schneidercorp.com/Application.aspx?AppID=1010&LayerID=204 13&PageTypeID=4&PageID=8926&Q=593526780&KeyValue=021+136#, March 28, 2018.

citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, for purposes of diversity jurisdiction, PHH is deemed a citizen of New Jersey.

## V. Notice

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of Habersham County, Georgia, a copy of which is attached hereto as <u>Exhibit 5</u>.

16. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, PHH hereby removes this action to this Court.

This 5th day of April, 2018.

/s/ Dallas R. Ivey<br>
Dallas R. Ivey<br>
Georgia Bar No. 385145<br>
Nomiki Klonaris<br>
Georgia Bar No. 142014<br>
Attorneys for Defendant

**ALDRIDGE PITE, LLP**
Fifteen Piedmont Center
3575 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305
P: 404.994.7450
F: 888.387.6828
divey@aldridgepite.com
nklonaris@aldridgepite.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing was prepared using one of the font and point selections approved by this Court in Local Rule 5.1(C). Specifically, Times New Roman font was used in 14 point.

>                    /s/ Dallas R. Ivey
>                    Dallas R. Ivey
>                    Georgia Bar No. 385145

## **CERTIFICATE OF SERVICE**

I certify that I have on this day filed the within and foregoing **NOTICE OF REMOVAL** using the CM/ECF System and have placed a true and correct copy of same in the United States Mail, with adequate first-class postage affixed thereto, properly addressed as follows:

>Miranda N. Hanley
>Orion G. Webb
>Smith, Welch, Webb & White, LLC
>280 Country Club Drive, Suite 300
>Stockbridge, Georgia 30281
>Attorneys for Plaintiff

This 5th day of April, 2018.

>/s/ Dallas R. Ivey
>Dallas R. Ivey
>Georgia Bar No. 385145